## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **VISTA PEAK VENTURES, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **INNOLUX CORP.,** | § | |
| | § | **CIVIL ACTION NO.  2:18-cv-281** |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vista Peak Ventures, LLC ("VPV") files this Complaint against Innolux Corp. ("Innolux") for infringement of U.S. Patent No. 6,078,375 ("the '375 patent"), U.S. Patent No. 6,404,474 ("the '474 patent"), U.S. Patent No. 6,646,691 ("the '691 patent"), U.S. Patent No. 6,657,699 ("the '699 patent"), U.S. Patent No. 7,009,673 ("the '673 patent"), and U.S. Patent No. 7,499,119 ("the '119 patent"), collectively, the "Asserted Patents."

## THE PARTIES

1.      Vista Peak Ventures, LLC is a Texas limited liability company, located at 1400 Preston Rd, Suite 472, Plano, TX 75093.

2.      Upon information and belief, Innolux was organized on January 14, 2003, under the Act for Establishment and Administration of Science Parks in the Republic of China (R.O.C.). Innolux was listed on the Taiwan Stock Exchange Corporation (the "TSEC") in October 2006. Innolux merged with TPO Displays Corporation and Chi Mei Optoelectronics Corporation on March 18, 2010, with Innolux as surviving entity.

3.     On information and belief, Innolux is a multi-national corporation organized under the laws of the Republic of China, with its principal place of business located at No.160, Kesyue Rd., Jhunan Science Park, Miaoli County 35053, Taiwan. Innolux does business in the State of Texas and in the Eastern District of Texas.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c). Innolux is a foreign entity and may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

7.     On information and belief, Innolux is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents. For example, Innolux has "delivery hubs in major cities in Asia, Europe, and America, so that [it] can achieve 'deliver just in time' object and strengthen the long term cooperative relationship with customers." 2016 Annual Report (*available at* http://www.innolux.com/Files/OWNFiles/InvestorRelations/Financials/Annual_Reports/2016%2 0Annual_Report%20en.pdf.) at 79. The same report notes that "[g]iven that the business of the Company covers the entire world and the size mix of panels is complete, the Company is a comprehensive LCD provider." *Id.* at 68.

8.     This Court has personal jurisdiction over Innolux, directly or through intermediaries, including its wholly-owned subsidiaries, InnoLux Corporation (2525 Brockton Drive, Suite 300, Austin, TX 78758), Innolux Optoelectronics USA, Inc. (101 Metro Drive Suite 510, San Jose, CA 95110), and Innolux Technology USA Inc. (2300 North Barrington Road, Suite 400, Hoffman Estates, IL 60169), because it has committed acts within Texas giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Innolux would not offend traditional notions of fair play and substantial justice.

9.     Upon information and belief, Innolux controls each of the wholly-owned subsidiaries listed above, as well as many other subsidiaries. *See* 2016 Annual Report at 135-138. And each of the subsidiaries above gives Innolux substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state.

10.     Innolux has placed and continues to place infringing TFT-LCD panels into the stream of commerce via an established distribution channel with the knowledge and/or intent that those products were sold and continue to be sold in the United States and Texas, including in this District. In 2016, Innolux reported 11,582,252,000 NT$ (approximately $380,682,100 USD) in sales to "America." 2016 Annual Report at 76.

11.     On information and belief, Innolux has significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action.

## THE ASSERTED PATENTS AND TECHNOLOGY

12.     Upon information and belief, the combined operating revenue of Innolux is derived from TFT-LCD (thin-film transistor – liquid crystal display) flat panel displays and Innolux's main commodities include large-sized and small-to-medium-sized TFT-LCD related products.

13.     The Asserted Patents cover Innolux's TFT-LCDs, their components, and processes related to the same. An example Innolux TFT-LCD is model no. M270HGE-L30, which is used in end-user products such as AOC monitor model no. 270LM00004. That monitor and the label for its Innolux TFT-LCD panel are shown below:





14.    Innolux publishes a diagram of the structure of its TFT-LCDs as follows:



http://www.innolux.com/Pages/EN/Technology/TFT_LCD_EN.html

15.    As shown in the diagram above, the TFT-LCD panel contains a TFT array substrate and many TFTs. A teardown image below from the Innolux TFT-LCD model no. M270HGE-L30 shows a sampling of TFTs and their accompanying circuitry lines, with larger rectangular areas associated with the pixels.



16.    A TFT acts as a switch that operates its respective individual pixels using the circuity lines. In that way, the pixels can be turned on and off to create an image on an LCD by allowing or preventing light to pass through. The individual pixels are more apparent when a color filter layer overlays the circuits as shown in the image below for the M270HGE-L30.



17.    Innolux publishes a version of a side view of its TFTs on its website as follows.



http://www.innolux.com/Pages/EN/Technology/Production_Process/CF_TFT_EN.html (excerpt).

18.    For in-plane switching devices, Innolux publishes a diagram and description of how the output of the TFTs creates the electric fields that orient the liquid crystals to determine whether light passes through the pixels. When an electric field is created, the liquid crystal molecules orient themselves parallel to the electric field and rotate on the same plane, so that light can pass through a polarizer and create and image on the display.



http://www.innolux.com/Pages%2fen%2fTechnology%2fProduction_Process_en.html

### COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 6,078,375)

19.    Plaintiff incorporates paragraphs 1 through 18 herein by reference.

20.    VPV is the assignee of the '375 patent, entitled "Liquid crystal display device with wide viewing angle," with ownership of all substantial rights in the '375 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

21.    The '375 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '375 patent issued from U.S. Patent Application No. 09/154,039.

22.    Innolux has and continues to directly and/or indirectly infringe (by inducing infringement) one or more  claims of the '375 patent in this judicial district and elsewhere in Texas and the United States.

23.    Upon information and belief, Innolux engages in the research, development, design, manufacture, and sales of TFT-LCD panels. *See* Innolux Corporation and Subsidiaries, Consolidated Financial Statement (Dec. 31, 2017).

24.     Innolux directly infringes the '375 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those TFT-LCD panels, their components, and/or products containing same that incorporate the fundamental technologies covered by the '375 patent, or by having its controlled subsidiaries do the same. Furthermore, upon information and belief, Innolux sells and makes TFT-LCD panels outside of the United States, intending and/or knowing that those panels are destined for the United States and/or designing those products for sale in the United States, thereby directly infringing the '375 patent.

25.     For example, Innolux infringes claim 1 of the '375 patent via its LCD panel model no. M270HGE. That product includes a "liquid crystal display device comprising" each of the limitations of claim 1. The technology discussion above and the example accused TFT-LCD panel (M270HGE) provide context for Plaintiff's allegations that each of those limitations are met. For example, the M270HGE includes a first substrate having a first principal surface; a first alignment film which is formed on said first principal surface and is subjected to a first aligning treatment; a second substrate having a second principal surface; a second alignment film which is formed on said second principal surface, said second alignment film oppositely disposed to said first alignment film with a predetermined space left between said first alignment film and said second alignment film, and said second alignment film subjected to a second aligning treatment in the same directional orientation as the first aligning treatment; a liquid crystal layer formed by a plurality of liquid crystal molecules which are interposed and sealed between said first and said second alignment films, a part of said molecules adjacent to said first alignment film having a first pretilt angle falling within a first predetermined range which is not smaller than two degrees from said first alignment film due to the influence of said first aligning treatment, the other part of said molecules adjacent to said second alignment film having a second pretilt angle falling within a

second predetermined range which is not smaller than two degrees from said second alignment film due to influence of said second aligning treatment; and field generating means for generating an electric field which is substantially parallel to said first and said second principal surfaces in said predetermined space to make said molecules rotate in accordance with said electric field.

26.     Innolux further infringes the '375 patent via 35 U.S.C. § 271(g) by selling, offering to sell, and/or importing TFT-LCD panels, their components, and/or products containing same, that are made by a process covered by the '375 patent. Upon information and belief the infringing TFT-LCD panels, their components, and/or products containing same are not materially changed by subsequent processes, and they are neither trivial nor nonessential components of another product.

27.     At a minimum, Innolux has known of the '375 patent at least as early as the filing date of the complaint. In addition, Innolux has known of the '375 patent since April 22, 2018, when Innolux was provided access to a data room containing claim charts, including for the '375 patent.

28.     Upon information and belief, since at least the above-mentioned date when Innolux was on notice of its infringement, Innolux has actively induced, under U.S.C. § 271(b), distributors, importers and/or consumers that purchase or sell TFT-LCD panels that include or are made using all of the limitations of one or more claims of the '375 patent to directly infringe one or more claims of the '375 patent by using, offering for sale, selling, and/or importing the TFT-LCD panels. Since at least the notice provided on the above-mentioned date, Innolux does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '375 patent. Upon information and belief, Innolux intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*,

creating advertisements that promote the infringing use of the TFT-LCD panels, creating established distribution channels for the TFT-LCD panels into and within the United States, manufacturing the TFT-LCD panels in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.,* Innolux's "Global Service" webpage: http://www.innolux.com/Pages/EN/Quality_Service/Global_Service_EN.html.

29.     On information and belief, despite having knowledge of the '375 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '375 patent, Innolux has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Innolux's infringing activities relative to the '375 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

30.     VPV has been damaged as a result of Innolux's infringing conduct described in this Count. Innolux is, thus, liable to VPV in an amount that adequately compensates VPV for Innolux's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,404,474)

31.     Plaintiff incorporates paragraphs 1 through 30 herein by reference.

32.     VPV is the assignee of the '474 patent, entitled "Horizontal electric field LCD with increased capacitance between pixel and common electrodes," with ownership of all substantial rights in the '474 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

33.     The '474 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '474 patent issued from U.S. Patent Application No. 09/357,060.

34.     Innolux has and continues to directly and/or indirectly infringe (by inducing infringement) one or more  claims of the '474 patent in this judicial district and elsewhere in Texas and the United States.

35.     Upon information and belief, Innolux engages in the research, development, design, manufacture, and sales of TFT-LCD panels. *See* Innolux Corporation and Subsidiaries, Consolidated Financial Statement (Dec. 31, 2017).

36.     Innolux directly infringes the '474 patent via 35 U.S.C. § 271(a) by making, having made, offering for sale, selling, and/or importing those TFT-LCD panels, their components, and/or products containing same that incorporate the fundamental technologies covered by the '474 patent, or by having its controlled subsidiaries do the same. Furthermore, upon information and belief, Innolux sells and makes TFT-LCD panels outside of the United States, intending and/or knowing that those panels are destined for the United States and/or designing those products for sale in the United States, thereby directly infringing the '474 patent.

37.     For example, Innolux infringes claim 1 of the '474 patent via its LCD panel model no. M270HGE. That product includes an "active matrix type liquid crystal display device comprising" each of the limitations of claim 1. The technology discussion above and the example

accused TFT-LCD panel (M270HGE) provide context for Plaintiff's allegations that each of those limitations are met. For example, the M270HGE includes two opposing transparent insulating substrates and liquid crystal interposed therebetween, wherein said liquid crystal is controlled by generating an electric field substantially parallel to the liquid crystal layer with a voltage applied between pixel electrodes and common electrodes both disposed on the first of said substrates, said display device further comprising: on said first substrate: a plurality of scanning lines and a plurality of signal lines orthogonal to one another; a thin film transistor provided near each intersection of a scanning line and a signal line; common electrodes extending substantially parallel to said scanning lines and having a plurality of comb-tooth projections extending toward said scanning lines; pixel electrodes formed substantially parallel to the comb-tooth projections in gaps between the adjacent comb-tooth projections of said common electrodes when said substrate is viewed from the normal direction, at least a portion of each pixel electrode being opposite to a common electrode interposed by an interlayer insulating film; an interlayer insulating film disposed between said common electrodes and said pixel electrodes; and a first alignment film formed above said pixel electrodes interposed by a protective insulating film; on said second substrate: a black matrix provided with openings in areas opposite to each of said pixel electrodes; and a second alignment film; and said active matrix type liquid crystal display device further comprising: accumulated capacitance increasing means for obtaining an accumulated capacitance between said pixel electrode and said common electrodes larger than that generated when said interlayer insulating film is of even thickness and flat structure.

38.     At a minimum, Innolux has known of the '474 patent at least as early as the filing date of the complaint. In addition, Innolux has known of the '474 patent since April 22, 2018,

when Innolux was provided access to a data room containing claim charts, including for the '474 patent.

39.     Upon information and belief, since at least the above-mentioned date when Innolux was on notice of its infringement, Innolux has actively induced, under U.S.C. § 271(b), distributors, importers and/or consumers that purchase or sell TFT-LCD panels that include all of the limitations of one or more claims of the '474 patent to directly infringe one or more claims of the '474 patent by using, offering for sale, selling, and/or importing the TFT-LCD panels. Since at least the notice provided on the above-mentioned date, Innolux does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '474 patent. Upon information and belief, Innolux intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the TFT-LCD panels, creating established distribution channels for the TFT-LCD panels into and within the United States, manufacturing the TFT-LCD panels in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.,* Innolux's "Global Service" webpage: http://www.innolux.com/Pages/EN/Quality_Service/Global_Service_EN.html.

40.   On information and belief, despite having knowledge of the '474 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '474 patent, Innolux has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Innolux's infringing activities relative to the '474 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful,

flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

41.     VPV has been damaged as a result of Innolux's infringing conduct described in this Count. Innolux is, thus, liable to VPV in an amount that adequately compensates VPV for Innolux's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT III

(INFRINGEMENT OF U.S. PATENT NO. 6,646,691)

42.     Plaintiff incorporates paragraphs 1 through 41 herein by reference.

43.     VPV is the assignee of the '691 patent, entitled "Active-matrix in-plane switching mode LCD panel having multiple common electrode voltage sources," with ownership of all substantial rights in the '691 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

44.     The '691 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '691 patent issued from U.S. Patent Application No. 09/626,114.

45.     Innolux has and continues to directly and/or indirectly infringe (by inducing infringement) one or more  claims of the '691 patent in this judicial district and elsewhere in Texas and the United States.

46.     Upon information and belief, Innolux engages in the research, development, design, manufacture, and sales of TFT-LCD panels. *See* Innolux Corporation and Subsidiaries, Consolidated Financial Statement (Dec. 31, 2017).

47.     Innolux directly infringes the '691 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those TFT-LCD panels, their components, and/or products containing same that incorporate the fundamental technologies covered by the '691 patent, or by having its controlled subsidiaries do the same. Furthermore, upon information and belief, Innolux sells and makes TFT-LCD panels outside of the United States, intending and/or knowing that those panels are destined for the United States and/or designing those products for sale in the United States, thereby directly infringing the '691 patent.

48.     For example, Innolux infringes claim 7 of the '691 patent via its LCD panel model no. M270HGE. That product is made and operates as intended by Innolux pursuant to a "method of reducing flicker in a liquid crystal display (LCD) panel" comprising the steps of claim 7. The technology discussion above and the example accused TFT-LCD panel (M270HGE) provide context for Plaintiff's allegations that each of those limitations are met. For example, the M270HGE is made and operates having a plurality of pixel elements arranged in a matrix on said first substrate, each said pixel element including a thin film transistor (TFT), a pixel electrode and a common electrode; and categorizing said common electrodes of said pixel elements into groups, based on a capacitance between said pixel electrode and said common electrode; and applying a common electrode voltage to each said group, each said group having a different voltage level for said common electrode voltage.

49.     Innolux further infringes the '691 patent via 35 U.S.C. § 271(g) by selling, offering to sell, and/or importing TFT-LCD panels, their components, and/or products containing same, that are made by a process covered by the '691 patent. Upon information and belief the infringing TFT-LCD panels, their components, and/or products containing same are not materially changed

by subsequent processes, and they are neither trivial nor nonessential components of another product.

50.     At a minimum, Innolux has known of the '691 patent at least since February 16, 2018, and no later than the filing of this complaint. On February 16, 2018, Innolux received a letter from Dominion Harbor Group, LLC, notifying Innolux that it required a license to the '691 patent, and offering to provide claim charts to Innolux. Moreover, on May 2, 2018, Innolux was provided access to a data room containing claim charts, including for the '691 patent.

51.     Upon information and belief, since at least the above-mentioned date when Innolux was on notice of its infringement, Innolux has actively induced, under U.S.C. § 271(b), distributors, importers and/or consumers to directly infringe one or more claims of the '691 patent by using, offering for sale, selling, and/or importing the TFT-LCD panels that include or are made using all of the limitations of one or more claims of the '691 patent to directly infringe one or more claims of the '691 patent by using, offering for sale, selling, and/or importing the TFT-LCD panels. Since at least the notice provided on the above-mentioned date, Innolux does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '691 patent. Upon information and belief, Innolux intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the TFT-LCD panels, creating established distribution channels for the TFT-LCD panels into and within the United States, manufacturing the TFT-LCD panels in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these

purchasers in the United States. *See, e.g.,* Innolux's "Global Service" webpage: http://www.innolux.com/Pages/EN/Quality_Service/Global_Service_EN.html.

52.     On information and belief, despite having knowledge of the '691 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '691 patent, Innolux has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Innolux's infringing activities relative to the '691 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

53.     VPV has been damaged as a result of Innolux's infringing conduct described in this Count. Innolux is, thus, liable to VPV in an amount that adequately compensates VPV for Innolux's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## <u>COUNT IV</u>

### (INFRINGEMENT OF U.S. PATENT NO. 6,657,699)

54.     Plaintiff incorporates paragraphs 1 through 53 herein by reference.

55.     VPV is the assignee of the '699 patent, entitled "Liquid crystal display unit having pixel electrode encircled with partition wall and process for fabrication thereof," with ownership of all substantial rights in the '699 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

56.     The '699 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '699 patent issued from U.S. Patent Application No. 09/901,034.

57.     Innolux has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '699 patent in this judicial district and elsewhere in Texas and the United States.

58.     Upon information and belief, Innolux engages in the research, development, design, manufacture, and sales of TFT-LCD panels. See Innolux Corporation and Subsidiaries, Consolidated Financial Statement (Dec. 31, 2017).

59.     Innolux directly infringes the '699 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those TFT-LCD panels, their components, and/or products containing same that incorporate the fundamental technologies covered by the '699 patent, or by having its controlled subsidiaries do the same. Furthermore, upon information and belief, Innolux sells and makes TFT-LCD panels outside of the United States, intending and/or knowing that those panels are destined for the United States and/or designing those products for sale in the United States, thereby directly infringing the '699 patent.

60.     For example, Innolux infringes claim 20 of the '699 patent via its LCD panel model no. M270HGE. That product includes an "in-plane switching type liquid crystal display panel having a plurality of pixel areas, the panel comprising" each of the limitations of claim 20. The technology discussion above and the example accused TFT-LCD panel (M270HGE) provide context for Plaintiff's allegations that each of those limitations are met. For example, the M270HGE includes liquid crystals between a pair of substrate structures and comprising optical elements within each of said plurality of pixel areas; a common electrode on one of said substrate

structures for each pixel area; a pixel electrode for each pixel area offset from said common electrode on said one of said substrate structures, wherein said common electrode and said pixel electrode define said pixel area; a switching transistor on said one of said substrate structures and having a source connected to said pixel electrode, a data line extending outside a periphery of said pixel area and a gate electrode extending outside of said periphery; and a partition wall structure formed on said common electrode of at least one of said pixel areas for separating said optical elements from the remaining liquid crystal.

61.     Innolux further infringes the '699 patent via 35 U.S.C. § 271(g) by selling, offering to sell, and/or importing TFT-LCD panels, their components, and/or products containing same, that are made by a process covered by the '699 patent. Upon information and belief the infringing TFT-LCD panels, their components, and/or products containing same are not materially changed by subsequent processes, and they are neither trivial nor nonessential components of another product.

62.     At a minimum, Innolux has known of the '699 patent at least since February 16, 2018, and no later than the filing of this complaint. On February 16, 2018, Innolux received a letter from Dominion Harbor Group, LLC, notifying Innolux that it required a license to the '699 patent, and offering to provide claim charts to Innolux. Moreover, on April 22, 2018, Innolux was provided access to a data room containing claim charts, including for the '699 patent.

63.     Upon information and belief, since at least the above-mentioned date when Innolux was on notice of its infringement, Innolux has actively induced, under U.S.C. § 271(b), distributors, importers and/or consumers that purchase or sell TFT-LCD panels that include or are made using all of the limitations of one or more claims of the '699 patent to directly infringe one or more claims of the '699 patent by using, offering for sale, selling, and/or importing the TFT-

LCD panels. Since at least the notice provided on the above-mentioned date, Innolux does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '699 patent. Upon information and belief, Innolux intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the TFT-LCD panels, creating established distribution channels for the TFT-LCD panels into and within the United States, manufacturing the TFT-LCD panels in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.*, Innolux's "Global Service" webpage: http://www.innolux.com/Pages/EN/Quality_Service/Global_Service_EN.html.

64.     On information and belief, despite having knowledge of the '699 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '699 patent, Innolux has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Innolux's infringing activities relative to the '699 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

65.     VPV has been damaged as a result of Innolux's infringing conduct described in this Count. Innolux is, thus, liable to VPV in an amount that adequately compensates VPV for Innolux's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

(INFRINGEMENT OF U.S. PATENT NO. 7,009,673)

66.     Plaintiff incorporates paragraphs 1 through 65 herein by reference.

67.     VPV is the assignee of the '673 patent, entitled "Active matrix liquid crystal display having a thin film transistor over which alignment of liquid crystal molecules does not change," with ownership of all substantial rights in the '673 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

68.     The '673 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '673 patent issued from U.S. Patent Application No. 10/656,138.

69.     Innolux has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '673 patent in this judicial district and elsewhere in Texas and the United States.

70.     Upon information and belief, Innolux engages in the research, development, design, manufacture, and sales of TFT-LCD panels. See Innolux Corporation and Subsidiaries, Consolidated Financial Statement (Dec. 31, 2017).

71.     Innolux directly infringes the '673 patent via 35 U.S.C. § 271(a) by making, having made, offering for sale, selling, and/or importing those TFT-LCD panels, their components, and/or products containing same that incorporate the fundamental technologies covered by the '673 patent, or by having its controlled subsidiaries do the same. Furthermore, upon information and belief, Innolux sells and makes TFT-LCD panels outside of the United States, intending and/or knowing that those panels are destined for the United States and/or designing those products for sale in the United States, thereby directly infringing the '673 patent.

72.     For example, Innolux infringes claim 1 of the '673 patent via its LCD panel model no. M270HGE. That product includes an "active matrix liquid crystal display, comprising" each of the limitations of claim 1. The technology discussion above and the example accused TFT-LCD panel (M270HGE) provide context for Plaintiff's allegations that each of those limitations are met. For example, the M270HGE includes a pair of substrates with a liquid crystal layer between said substrates; a pixel electrode and a common electrode having a common longitudinal axis and that are arranged and adapted to generate an electric field parallel to said substrates in said liquid crystal layer, said liquid crystal layer having a non-zero initial alignment angle relative to the common longitudinal axis; and a thin film transistor having a source electrode and a drain electrode adjacent to a first part of said liquid crystal layer, said source and drain electrodes being arranged and adapted so that an electric field generated between said source and drain electrodes is one of substantially parallel to and perpendicular to the non-zero initial alignment angle, whereby an alignment of the first part of said liquid crystal layer does not change when an electric field is generated between said source and drain electrodes.

73.     At a minimum, Innolux has known of the '673 patent at least as early as the filing date of the complaint. In addition, Innolux has known of the '673 patent since April 26, 2018, when Innolux was provided access to a data room containing claim charts, including for the '673 patent.

74.     Upon information and belief, since at least the above-mentioned date when Innolux was on notice of its infringement, Innolux has actively induced, under U.S.C. § 271(b), distributors, importers and/or consumers that purchase or sell TFT-LCD panels that include all of the limitations of one or more claims of the '673 patent to directly infringe one or more claims of the '673 patent by using, offering for sale, selling, and/or importing the TFT-LCD panels. Since

at least the notice provided on the above-mentioned date, Innolux does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '673 patent. Upon information and belief, Innolux intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the TFT-LCD panels, creating established distribution channels for the TFT-LCD panels into and within the United States, manufacturing the TFT-LCD panels in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.*, Innolux's "Global Service" webpage: http://www.innolux.com/Pages/EN/Quality_Service/Global_Service_EN.html.

75.     On information and belief, despite having knowledge of the '673 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '673 patent, Innolux has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Innolux's infringing activities relative to the '673 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

76.     VPV has been damaged as a result of Innolux's infringing conduct described in this Count. Innolux is, thus, liable to VPV in an amount that adequately compensates VPV for Innolux's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI

### (INFRINGEMENT OF U.S. PATENT NO. 7,499,119)

77.     Plaintiff incorporates paragraphs 1 through 76 herein by reference.

78.     VPV is the assignee of the '119 patent, entitled "Liquid crystal display device with thin-film transistors and method of fabricating the same," with ownership of all substantial rights in the '119 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

79.     The '119 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '119 patent issued from U.S. Patent Application No. 11/582,315.

80.     Innolux has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '119 patent in this judicial district and elsewhere in Texas and the United States.

81.     Upon information and belief, Innolux engages in the research, development, design, manufacture, and sales of TFT-LCD panels. See Innolux Corporation and Subsidiaries, Consolidated Financial Statement (Dec. 31, 2017).

82.     Innolux directly infringes the '119 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those TFT-LCD panels, their components, and/or products containing same that incorporate the fundamental technologies covered by the '119 patent, or by having its controlled subsidiaries do the same. Furthermore, upon information and belief, Innolux sells and makes TFT-LCD panels outside of the United States, intending and/or knowing that those panels are destined for the United States and/or designing those products for sale in the United States, thereby directly infringing the '119 patent.

83.     For example, Innolux infringes claim 1 of the '119 patent via its LCD panel model no. M270HGE. That product includes a "liquid-crystal display device comprising" each of the limitations of claim 1. The technology discussion above and the example accused TFT-LCD panel (M270HGE) provide context for Plaintiff's allegations that each of those limitations are met. For example, the M270HGE includes a first interconnection line comprising a patterned Al or Al alloy layer, disposed directly on an insulating plate or over the plate by way of an underlying insulating layer: a first insulating layer formed on the plate to cover the first interconnection line, the first insulating layer having a contact hole that exposes a part of the first interconnection line; a first conductive material made of a plated metal, the first conductive material being in contact with the exposed part of the first interconnection line in the contact hole in such a way as to cover the whole exposed part thereof; and a first transparent conductive layer in contact with the first conductive material; wherein the first transparent conductive layer is electrically connected to the first interconnection line by way of the first conductive material.

84.     Innolux further infringes the '119 patent via 35 U.S.C. § 271(g) by selling, offering to sell, and/or importing TFT-LCD panels, their components, and/or products containing same, that are made by a process covered by the '119 patent. Upon information and belief the infringing TFT-LCD panels, their components, and/or products containing same are not materially changed by subsequent processes, and they are neither trivial nor nonessential components of another product.

85.     At a minimum, Innolux has known of the '119 patent at least since February 16, 2018, and no later than the filing of this complaint. On February 16, 2018, Innolux received a letter from Dominion Harbor Group, LLC, notifying Innolux that it required a license to the '119 patent,

and offering to provide claim charts to Innolux. Moreover, on April 22, 2018, Innolux was provided access to a data room containing claim charts, including for the '119 patent.

86.     Upon information and belief, since at least the above-mentioned date when Innolux was on notice of its infringement, Innolux has actively induced, under U.S.C. § 271(b), distributors, importers and/or consumers that purchase or sell TFT-LCD panels that include or are made using all of the limitations of one or more claims of the '119 patent to directly infringe one or more claims of the '119 patent by using, offering for sale, selling, and/or importing the TFT-LCD panels. Since at least the notice provided on the above-mentioned date, Innolux does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '119 patent. Upon information and belief, Innolux intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the TFT-LCD panels, creating established distribution channels for the TFT-LCD panels into and within the United States, manufacturing the TFT-LCD panels in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.*, Innolux's "Global Service" webpage: http://www.innolux.com/Pages/EN/Quality_Service/Global_Service_EN.html.

87.     On information and belief, despite having knowledge of the '119 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '119 patent, Innolux has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Innolux's infringing activities relative to the '119 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful,

flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

88.     VPV has been damaged as a result of Innolux's infringing conduct described in this Count. Innolux is, thus, liable to VPV in an amount that adequately compensates VPV for Innolux's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## INJUNCTIVE RELIEF

89.     Plaintiff seeks preliminary and permanent injunctions as a result of Innolux's infringement of the Asserted Patents. Plaintiff is likely to succeed in showing that Innolux infringes the Asserted Patents. Because of that infringement, Plaintiff has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury. For example, if Plaintiff must enforce a judgment against Innolux in China, Plaintiff will face a historically challenging burden in persuading a Chinese court to enforce a judgment from a U.S. court, likely preventing Plaintiff from obtaining any monetary damages from Innolux. Considering the balance of hardships between the Plaintiff and Innolux, a remedy in equity is warranted; and the public interest would not be disserved by a permanent or preliminary injunction.

## CONCLUSION

90.     Plaintiff is entitled to recover from Innolux the damages sustained by Plaintiff as a result of Innolux's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

91.     Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case

within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

92.       Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

93.       Plaintiff respectfully requests that the Court find in its favor and against Innolux, and that the Court grant Plaintiff the following relief:

1.  A judgment that Innolux has infringed the Asserted Patents as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;

2.  A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Innolux;

3.  A preliminary and permanent injunction against Innolux, its subsidiaries, or anyone acting on its behalf from making, using, selling, offering to sell, or importing any products that infringe the Asserted Patents, and any other injunctive relief the Court deems just and equitable;

4.  A judgment and order requiring Innolux to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;

5.  A judgment and order requiring Innolux to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

6.  A judgment and order finding this to be an exceptional case and requiring Innolux to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and

7.  Such other and further relief as the Court deems just and equitable.

Dated: July 10, 2018

Respectfully submitted,

*/s/ Patrick J. Conroy w/permission Claire Abernathy Henry*
Patrick J. Conroy
Texas Bar No. 24012448
T. William Kennedy Jr.
Texas Bar No. 24055771

**Bragalone Conroy PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
pconroy@bcpc-law.com
bkennedy@bcpc-law.com

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: Claire@wsfirm.com
**WARD, SMITH, & HILL, PLLC**
P.O. Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323